# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION AT PIKEVILLE

**MATTHEW M. SUTER and**
**VERONICA L. SUTER,**

|  |  |
|---|---|
| **Plaintiffs,** | **Civil Action No. _____** |
| **v.** | **Judge: _____** |
| **APPALACHIAN REGIONAL HEALTHCARE, INC., d/b/a WHITESBURG ARH HOSPITAL** | **COMPLAINT WITH JURY DEMAND** |
| **Defendant.** | |

## THE PARTIES, JURISDICTION, AND VENUE

1.      Plaintiffs, Matthew M. Suter and Veronica L. Suter, his wife, are citizens of the State of West Virginia with permanent residency in Varney, Mingo County, West Virginia.

2.      Defendant Appalachian Regional Healthcare, Inc. (hereinafter "ARH") is a non-profit corporation incorporated under the laws of the Commonwealth of Kentucky, has its principal place of business in Kentucky, and is and at all relevant times has been domiciled in the Commonwealth of Kentucky.  ARH is not domiciled in West Virginia.

3.      This Court properly has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and it is between citizens/entities domiciled in different states.

4.      The Court has personal jurisdiction over the Defendant, ARH, because it was physically present and caused injury in the Eastern District of Kentucky during the time periods relevant to the claims described in this Complaint.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims set forth herein occurred at Whitesburg ARH Hospital, which is located at 240 Hospital Road, Whitesburg, Letcher County, Kentucky, which is within this judicial district.

## GENERAL FACTUAL ALLEGATIONS

6.      Plaintiffs Matthew M. Suter and Veronica L. Suter reiterate and re-allege each and every preceding allegation as if fully set forth herein.

7.      ARH is engaged in the business of rendering hospital, nursing, surgical, and other related medical services, and was engaged in such business at the time of the events described herein.

8.      ARH owns and operates Whitesburg ARH Hospital, the hospital facility located at 240 Hospital Road, Whitesburg, Letcher County, Kentucky.

9.      This hospital is a fully accredited and licensed hospital staffed with physicians, nurses, orderlies, and other agents and/or employees.

10.      ARH operated, managed, supervised, and hired the employees at its hospital and is, and was at all relevant times herein, otherwise responsible for the medical care and treatment provided to Mr. Suter at its hospital.

11.      ARH invited members of the public, including Plaintiffs, to use its hospital, and held itself out as an institution possessing the requisite skill, competence, know-how, facilities, personnel, equipment, and information to properly care for and treat its patients.

12.      At all relevant times herein, Tin C. Tran, M.D. ("Dr. Tran") was an employee of ARH and was acting in the course and scope of that employment with respect to medical care provided to Mr. Suter.

2

13.     All acts or omissions complained of herein against ARH are the acts or omissions of the agents and/or employees of the corporate Defendant, ARH, and furthermore, at all times alleged herein, agents and/or employees of ARH, including Dr. Tran, were acting within the scope of their agency or employment with ARH.

14.     On or about August 17, 2012, Matthew Suter underwent routine blood work. Such blood work indicated that Mr. Suter's direct bilirubin was somewhat increased. As a result, Mr. Suter was referred by his primary care physician's office to Dr. Tran at Whitesburg ARH Hospital.

15.     On September 28, 2012, Mr. Suter, who was 44 years old, underwent an endoscopic retrograde cholangiopancreatography (ERCP) performed by Dr. Tran and ARH despite the fact that there was no dilatation on ultrasound, and Mr. Suter's bilirubin had only been elevated for a short time.

16.     Dr. Tran and ARH initially attempted to perform the procedure with the incorrect scope and used a colonoscopy scope instead of an ERCP scope.  After the scope had already reached the stomach, Dr. Tran finally recognized that the wrong scope was being used.  He then removed the colonoscopy scope and obtained an ERCP scope.

17.     Additionally, during the procedure, Dr. Tran made multiple attempts to cannulate into the common bile duct.  During such attempts, Dr. Tran apparently perforated the pancreatic duct and/or caused other injuries.

18.     As a result of the unnecessary and negligent surgery performed by Dr. Tran and ARH, Mr. Suter developed severe pancreatitis, pneumonia, and acute respiratory failure.  Mr. Suter was placed in the intensive care unit and on a ventilator.  Due to his critical condition, Mr.

Suter remained on a ventilator and was emergently transferred via helicopter to Johnson City

Medical Center, a higher level care facility in Johnson City, Tennessee on October 2, 2012.

19.     During his admission at Johnson City Medical Center, Mr. Suter required

prolonged intubation and multiple operations.  He suffered from compartment syndrome and

underwent laparotomy and attempted closure with multiple revisions performed on October 14,

October 17, and October 22, 2012.  Mr. Suter also developed acute renal failure and required

dialysis.  Mr. Suter remained at Johnson City Medical Center until November 15, 2012.  He was

discharged with a wound vac drain.

20.     Mr. Suter required home health care and remained on the wound vac for several

months.  He remains with an open abdominal wound that requires additional medical care to the

present.

21.     Throughout the course of his treatment in 2012 and 2013, none of Mr. Suter's

physicians ever indicated that the outcome of his ERCP procedure was out of the ordinary.

22.     Mr. Suter did not learn until approximately February 2014 that Dr. Tran and ARH

may have negligently caused injury to him during the ERCP procedure.

## COUNT ONE – NEGLIGENCE/MEDICAL MALPRACTICE

23.     Plaintiffs Matthew M. Suter and Veronica L. Suter reiterate and re-allege each

and every preceding allegation as if fully set forth herein.

24.     ARH and its agents and employees, including Dr. Tran, had a duty to treat Mr.

Suter in accordance with accepted standards of medical care or practice under the circumstances

present at the time.

25.     ARH and its agents and employees, including Dr. Tran, negligently, carelessly,

recklessly, incompetently, and in a deviation from the normal standard of medical care failed to

properly care for Plaintiff Matthew M. Suter.  Said failures include, but are not limited to: unnecessary, inappropriate and an improper surgical procedure; and failure to properly evaluate and diagnose Plaintiff Matthew M. Suter pre- and post-operatively.

      26.     As a direct and proximate result of the negligence, carelessness, recklessness and incompetent procedures, willful lack of care and deviation from the normal standard of care herein above listed by ARH through its agents and employees, including Dr. Tran, Mr. Suter has endured significant pain and suffering as a result of unnecessary and negligently performed surgery, which has resulted in permanent physical and emotional injuries; Mr. Suter is continuing to suffer daily and is restricted from resuming the normal activities of his daily life; has suffered and will continue to suffer a significant permanent bodily injury; has incurred significant medical expenses in the past in the approximate sum of $1,000,000.00 and will do so in the future; has endured significant pain and suffering, both in the past and in the future; has endured mental anguish, both in the past and will do so in the future, has suffered lost wages in the past, and will suffer from a loss of earning capacity in the future; has sustained an impairment of his ability to enjoy life, and will continue to do so in the future; and has suffered aggravation, annoyance, and inconvenience, and will do so in the future and therefore, seeks all damages allowed by law.

      27.     ARH and its agents and employees, including Dr. Tran, was professionally negligent and provided care to Mr. Suter below the accepted standard of medical care.  ARH and its agents and employees, including Dr. Tran, failed to exercise the degree of care required of a reasonably skilful and prudent healthcare provider of its respective specialties and functions.

28.     As a permanent consequence of the injuries caused by ARH and its agents and employees, including Dr. Tran, Mr. Suter continues to suffer from pain, mental anguish, loss of enjoyment of life, and has suffered significant permanent injury.

## COUNT TWO – RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

29.     Plaintiffs Matthew M. Suter and Veronica L. Suter reiterate and re-allege each and every preceding allegation as if fully set forth herein.

30.     Dr. Tran and the other employees and/or agents of ARH who negligently provided medical treatment to Mr. Suter at all times relevant herein were acting within the course and scope of their employment and/or agency with ARH.

31.     As a result, ARH is, and was at all times relevant hereto, vicariously liable under the doctrine of respondeat superior and/or vicarious liability for the substandard medical care, negligence, and/or other wrongful acts and/or omissions of its employees, servants, and/or agents who were acting within the course and scope of their employment and authority.  Further, ARH is and was at all times relevant hereto liable under the theory of agency and/or agency by estoppel for the negligent and/or other wrongful acts and/or omissions of its agents who may be independent contractors providing medical services for patients of ARH.

32.     As a direct and proximate result of the negligent actions and/or omissions of Dr. Tran and the other employees and/or agents of ARH, Mr. Suter suffered the damages set forth in Count One of this Complaint.

## COUNT THREE – NEGLIGENT SELECTION, HIRING, RETENTION, AND/OR SUPERVISION OF MEDICAL STAFF

33.     Plaintiffs Matthew M. Suter and Veronica L. Suter reiterate and re-allege each and every preceding allegation as if fully set forth herein.

34.     ARH owes a duty to all of its patients, including Mr. Suter, to select, hire, train, supervise, and retain qualified and competent physicians, nursing staff, and other medical staff and employees.

35.     ARH owed a duty to all of its patients, including Mr. Suter, to set staffing levels such that patients receive qualified, competent medical care.

36.     The selection, hiring, training, supervision, and retention of the physicians, nurses, and other staff was the direct responsibility of ARH.

37.     ARH breached these duties by its negligent actions and/or its negligent omissions, including its failure to properly assess, evaluate, and treat Mr. Suter within the appropriate standard of care.

38.     ARH was directly negligent in its actions and/or omissions regarding the hiring, training, supervision, and retention of its physicians, nurses, and employees.

39.     ARH was directly negligent and breached its duties to Mr. Suter because Dr. Tran and the other physicians, nurses, and medical staff were incompetent or unfit for their duties or should have been supervised more closely and/or received proper training.

40.     ARH failed to exercise reasonable care in selecting, hiring, retaining, and supervising its physicians, including Dr. Tran, as well as its nursing staff and other medical staff and employees.

41.     As a direct and proximate result of ARH's negligence, Mr. Suter suffered personal injuries, with damages as set forth in Count One of this Complaint.

## COUNT FOUR – LOSS OF CONSORTIUM

42.     Plaintiffs Matthew M. Suter and Veronica L. Suter reiterate and re-allege each and every preceding allegation as if fully set forth herein.

43.     As a further direct and proximate result of the Defendant's negligence, carelessness and recklessness as aforesaid, Plaintiff Veronica Suter was deprived of the consortium, society and comfort of her husband, Matthew Suter, and has suffered and will continue to suffer mental anguish, which would not have occurred, but for the aforesaid injuries.

**WHEREFORE,** Matthew M. Suter and Veronica L. Suter, demand judgment from the Defendant, Appalachian Regional Healthcare, Inc., in such sums as will adequately compensate the Plaintiffs for their damages, which said sums are well in excess of the amounts necessary to confer jurisdiction on this Court, and for such other relief as may be proper under the law.

<u>**PLAINTIFFS DEMAND A TRIAL BY JURY.**</u>

Respectfully submitted,


**/s/ Scott M. Guenther**
Scott M. Guenther (KBA# 84997)
Edward L. Metzger III (KBA# 94138)
ADAMS, STEPNER, WOLTERMANN
& DUSING, P.L.L.C.
40 West Pike Street
Covington, KY 41011
(859) 394-6200 - Telephone
(859) 392-7275 - Facsimile
*Attorneys for Plaintiffs,*
*Matthew M. Suter and Veronica L. Suter*


Robert V. Berthold, Esq. (WV Bar #326)
(*pro hac vice* pending)
Berthold Law Firm, PLLC
P.O. Box 3508
Charleston, WV 25335
(304) 345-5700 – Telephone
(304) 345-5703 – Facsimile
*Co-counsel for Plaintiffs,*
*Matthew M. Suter and Veronica L. Suter*

1063093.5

9